

FILED
SEP 17 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WENDY NOVAK,

    Plaintiff,

v.                                    Civil Action No. 3:14cv376

STEPHEN T. HARPER, in His
Capacity As Administrator of
the Estate of JERMAINE BURTON,
et al.,
    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the defendant Onzie Luke's RULE 12(b)(1) MOTION TO DISMISS (Docket No. 9). For the reasons set forth herein, the motion will be granted and Count VII will be dismissed.

## BACKGROUND FACTS

On May 29, 2014, Wendy Novak filed a Complaint against Stephen T. Harper as Administrator of the Estate of Jermaine Burton, Onzie Omara Luke, and Michael L. Wade, Henrico County Sherriff alleging various constitutional, statutory, and common law violations. (Dkt. No. 1). The facts as stated in the complaint allege that Novak was confined in the Henrico County Regional Jail East on May 29, 2013. ¶¶ 1, 21. On that day, she was sexually assaulted in the women's restroom by Jermaine Burton who was employed as a guard at the jail. ¶¶ 21-24.

At the time of the assault, Luke was employed by Henrico County as a Mental Health Worker and was stationed at the Henrico County Regional Jail East. ¶8. According to the Complaint, Luke's duties included "counseling inmates, developing trust-based relationships with inmates, and investigating criminal activities at the Jail." ¶8. Novak alleges that, while Luke was employed at the Jail, she was "engaged in an ongoing sexual relationship with Deputy Jermaine Burton." ¶26.

After the assault, Novak informed jail staff members about the misconduct and was taken to Luke for an interview and counseling. ¶¶31-32. The Complaint alleges that Luke then "accused Ms. Novak of lying . . . and otherwise verbally assaulted her" during that session. ¶34.

The only claim asserted against Luke in the Complaint is Count VII which alleges a claim for Intentional Infliction of Emotional Distress stemming from the post-assault interview. ¶¶76-80. The Complaint states that Luke's "conduct in using her role as a counselor to berate, belittle, and otherwise verbally abuse Ms. Novak after her rape was intentional and reckless...outrageous and intolerable...[and caused Plaintiff] to suffer severe emotional distress." ¶¶ 76-79. Novak seeks compensatory damages in the amount of $2,000,000.00 and punitive damages in the amount of $350,000.00. ¶80.

2

Luke has filed both a Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(1) (Dkt. No. 9) and a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) (Dkt. No. 11). The challenge to subject matter jurisdiction asserted in the motion under Rule 12(b)(1) must be addressed first. Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006) (citing Ruhrgas AG v. Marathon Oil, Inc. 526 U.S. 574, 583 (1999)).

In her motion, Luke alleges that, because she and Novak are both citizens of Virginia and because the only claim against her arises under Virginia state law and does not share a common nucleus of operative fact with the pending federal law claims made against the other defendants, the Court does not have subject matter jurisdiction over the claim against her and must dismiss it. Alternatively, she argues that this Court should decline to exercise its supplementary jurisdiction for policy-based reasons. Plaintiff responded (Dkt. No. 13) and Luke Replied (Dkt. No. 15), and the motion is ripe for disposition.

## LEGAL STANDARD

A party may file a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). If a court finds that is does not have subject matter jurisdiction over the case or controversy, it must dismiss the action. Arbaugh v. Y &

3

H Corp., 546 U.S. 500, 514 (2006). Of course, the plaintiff bears the burden of establishing that federal jurisdiction is proper. Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 371 (4th Cir. 2012).

Challenges to subject matter jurisdiction may be made in two ways. First, a facial challenge to jurisdiction may be made by arguing that the complaint does not allege facts that permit the exercise of federal subject matter jurisdiction. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). If that type of challenge is raised, the court must assume that all facts alleged in the complaint are true. Id. Second, the challenge can be made under the theory that the complaint's assertion of subject matter jurisdiction is not true. Id. (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). In that event, a court may consider evidence outside the pleadings. Id. Luke raises a challenge of the first sort in this motion.

28 U.S.C. §1367 states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action that they form part of the same case or controversy under Article III of the United States Constitution." Thus, "once a district court [has] valid jurisdiction over a federal claim, it could, in its discretion, exercise supplemental jurisdiction over additional

4

state law claims if they arose out of a 'common nucleus of operative fact.'" White v. Cnty of Newberry, 985 F.2d 168, 171 (4th Cir. 1993) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). Supplemental jurisdiction exists if "the state and federal claims...derive from a common nucleus of operative fact...[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." Gibbs, 383 U.S. at 725. The "common nucleus of operative fact" standard is not satisfied by "superficial factual overlap" of the federal and state claims or by the fact "that the federal and state claims only have some facts in common." Shavitz v. Guilford Cnty Bd. Of Ed., et al, 100 Fed. Appx 146, 150 (4th Cir 2004)(internal citations omitted).

## DISCUSSION

Novak's state law claim against Luke must be dismissed because it does not share a common nucleus of operative fact with her federal law claims. Novak's case is in federal court on the basis of Federal Question jurisdiction under the auspices

5

of 28 U.S.C. §1331[1], because she alleges violations of her rights under the United States Constitution (Counts I and II) that are cognizable in federal court because of 42 U.S.C. § 1983. However, the single claim raised against Luke is a tort claim for Intentional Infliction of Emotional Distress that arises under Virginia state tort law. (Dkt. No. 1. ¶ 80). Because there is no diversity jurisdiction in this case and Novak's claim against Luke does not arise under federal law, this Court has jurisdiction over the sole claim against Luke, only if that count can be reached under the grant of supplemental jurisdiction conferred by 28 U.S.C. § 1367.

"To determine whether the federal and state law claims in this case derive from a common nucleus of operative fact, it is first necessary to determine what Plaintiff will be required to prove under each type of claim raised in the Complaint." Tobey v. Keiter, Stephens, Hurts, Gray & Shreaves, a Professional Corp., et al., 2013 U.S. Dist. LEXIS 114078, *10 (E.D. Va. 2013). In other words, it is necessary to compare the elements of Counts I and II (the federal claims) with the elements of Count VII (the pendant state law claim).

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331

## I. The Elements of the Federal and State Claims

Count I alleges that Burton violated Novak's Eighth Amendment[2] right to be free from cruel and unusual punishment when he committed assault and battery (<u>i.e.</u>, the rape). Count II alleges that Sheriff Wade violated Novak's Eight Amendment right to be free from cruel and unusual punishment by allowing male guards to be placed in units of the jail housing female inmates. Counts I and II were brought under 28 U.S.C. § 1983,[3] which itself confers no substantive rights, but allows plaintiffs to sue in federal court for violations of federal constitutional or statutory rights. <u>Amato v. City of Richmond</u>, 875 F. Supp. 1124 (E.D. Va. 1994) (citing <u>Albright v. Oliver</u>, 127 L. Ed. 2d 114, 114 (1994) (citing <u>Baker v. McCollan</u>, 443 U.S. 137,144, n.3 (1979))).

---

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[3] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. §1983

In order to prove a deprivation of rights under the Eighth Amendment on a theory of the Constitutional Right to be Free from Assault against Harper (Burton's personal representative) (Count I), Novak must prove that Burton intentionally or recklessly deprived her of her right to be free of cruel and unusual punishment and that such actions were not taken "in a good-faith effort to maintain or restore discipline...[but were taken] maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In order to prove a deprivation of rights under the Eighth Amendment on a theory of the Constitutional Right to be Free from Cruel and Unusual Punishment Due to Deliberate Indifference against Wade (Count II), Novak must prove by a preponderance of the evidence that Wade "kn[ew] of and disregard[ed] an excessive risk to [Novak's] health and safety." Farmer v. Brennan, 511 U.S. 825, 838 (1994).

Of course, those elements, if proved, establish violations of federally conferred rights. And, to establish federal jurisdiction under 42 U.S.C. § 1983, a plaintiff also must establish three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1160 (4th Cir. 2011) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

Novak's claim against Luke is a Virginia state tort law claim for Intentional Infliction of Emotional Distress. "In order to recover on a claim of intentional infliction of emotional distress, a plaintiff must satisfy four elements of proof. The plaintiff must show that 1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe." Supervalu, Inc. v. Johnson, 276 Va. 356, 370 (2008).

**II. The Federal and State Claims Share No Factual Elements**

To establish her § 1983 claim against Harper, Novak must establish facts showing that Burton did, in fact, sexually assault her and thus violate her constitutional right to be free from assault under the Eighth Amendment. To establish the §1983 claim against Wade, Novak must show that there was a threat to Novak's safety in the jail, that Wade knew of it, and that Wade failed to take sufficient acts to protect Novak. Both of these claims require evidence that the alleged sexual assault did, indeed, take place because the operative fact required to prove that one's constitutional right to be free from assault was violated is that an assault did in fact occur. Similarly, one of the operative facts required to prove that a supervisor was

9

unconstitutionally and deliberately indifferent to a risk of harm is that there truly was a risk of harm (i.e., in this case, that the supervisor was aware of a history of, or potentiality for, sexual assault.)

To establish the state law claim against Luke, Novak must prove that Luke intentionally acted in such a way that an ordinary citizen would deem "utterly intolerable in a civilized society" and that this behavior caused Novak severe emotional distress. Russo v. White, 241 Va. 23, 27 (Sup. Ct. Va. 1991). The operative facts required for this claim are that Luke did indeed "berate, belittle, and otherwise verbally abuse" Novak in an outrageous, unacceptable manner during their appointment and that Novak has suffered severe emotional distress as a result. (Dkt. No. 1, ¶¶77, 78). Proof of the assault and battery (as to Harper) and proof of deliberate indifference to a known risk of assault and battery (as to Wade) need not be proved in the state law claim because neither is an element of that claim.

In her response to Luke's motion under Rule 12(b)(6), Novak argues that "the level of outrageousness is fundamentally related to whether the rape occurred in the first place. Put another way, any finder of fact would likely have to evaluate the validity of Ms. Novak's rape allegation before being able to determine whether Luke's action rise to the level of outrageousness necessary to support a claim of intentional

10

infliction of emotional distress." Response at 1-2. It is true that, in some cases, "[t]he extreme and outrageous character of the conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity." Restatement (Second) Torts § 46 (comment f). However, whether the assault actually occurred is not an operative fact in this case, because the outrageousness of Luke's behavior does not turn on whether the assault can be proven, but rather turns on whether Luke was aware that Novak reported the sexual assault whether or not it in fact had occurred.

The question presented by Novak's claim against Luke is whether it is sufficiently outrageous for Luke to have "berate[d], belittle[d], and otherwise verbally abuse[d]" an individual who had informed Luke that she was a victim of sexual assault. Complaint at ¶77. Whether the assault actually occurred is not operative to this question because, at the time the interaction between Novak and Luke took place, Luke did not know whether an assault had actually happened, only that Novak had reported one. It would be equally outrageous for a mental health counselor to "berate" a patient reporting a sexual assault whose claims were later vindicated in court as it would be to "berate" one whose claims were later disproved or dropped.

11

What matters is the counselor's knowledge at the time of the interaction.

Additionally, whether the assault actually occurred is not an operative fact for establishing that Novak suffered "severe emotional distress." While proving that she was truly a victim of sexual assault might make it easier for Novak to establish that Luke's actions caused severe emotional distress, it is not necessary to prove that element of the cause of action, nor is it sufficient on its own. Rather, Novak must plead and prove that she suffered actual severe emotional distress from her interaction with Luke. This does not turn on whether the assault is proven in court. And, although definitively proving that the assault did <u>not</u> take place would help Luke establish that the Novak's claims of emotional distress are unfounded or exaggerated, such proof is neither adequate nor necessary to Luke's case.

The types of claims presented in this case are not such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." <u>Gibbs</u>, 383 U.S. at 725. Rather, one would typically expect that the very different harmful acts, the causes of action for each relying on entirely different bodies of law and pointing to different groupings of facts occurring on different days between different actors, would be brought in separate cases in the proper courts. That these

12

alleged harms tangentially share commonalities such as location and victim do not establish that they share a "common nucleus of operative fact" as is required to establish supplemental federal jurisdiction under 28 U.S.C. § 1367. Id. 725. Rather, this case presents the type of "superficial factual overlap" that does not satisfy the rigorous requirements that authorize the exercise of jurisdiction under Section 1367. Shavitz 100 Fed. Appx at 150.

## CONCLUSION

For the reasons set forth above, Defendant Luke's MOTION TO DISMISS FOR LACK OF JURISDICTION UNDER RULE 12(b)(1)(Dkt. No. 9) will be granted as to Count VII of the complaint. Count VII and thus Luke will be dismissed from this action.[4] The dismissal will be without prejudice.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 17, 2014

---

[4] ONZIE LUKE'S RULE 12(b)(6) MOTION TO DISMISS (Docket No. 11) cannot be reached because the Court lacks subject matter jurisdiction.

13